**Alice GREENE, Widow of John Pierschbacher, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 88–2815.

United States Court of Appeals, Eighth Circuit.

Jan. 24, 1990.

## ORDER AMENDING JUDGMENT AND AWARDING ATTORNEYS FEES

Before LAY, Chief Judge, SNEED,* Senior Circuit Judge, and McMILLIAN, Circuit Judge.

In a judgment dated November 21, 1989, 889 F.2d 794, this court reversed the Benefits Review Board's (the BRB) denial of petitioner Alice Greene's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* (the Act). The court ordered reinstatement of the benefits awarded by the Administrative Law Judge (ALJ), with retroactive payments plus interest for the period between the date of the BRB's judgment and the date of this court's order. The ALJ had awarded benefits to be paid to Greene as the guardian of two minor children beginning January 1, 1974, and on her own account beginning November 1, 1975, the month of her divorce from her second husband. Before the court now is Greene's motion to amend the award to commence payment of benefits from April 9, 1972, the date her first husband, the miner whose disability gave rise to the award of benefits, died. Greene also requests payment of attorneys fees. The government has filed a cross motion for deletion of the award of interest from this court's order. We deny Greene's motion to amend, grant in part her motion for attorneys fees, and grant the government's motion to delete the interest award.

### The Onset Date for Benefits

■ Greene argues that the onset date for her benefits should be determined by reference to 20 C.F.R. § 410.211 (1989). She argues that under that section payment of benefits would begin as of the date of the miner's death. The government answers that the Act makes clear that a different set of regulations applies to Greene's claim. In particular, the government asserts that her claim is governed by 20 C.F.R. part 727 (1989). The government urges that 20 C.F.R. § 727.302(c)(2) pro-vides for the initiation of benefits as of the month of the miner's death or January 1, 1974, whichever is *later*. In this case, the government concludes, January 1, 1974, would be the correct onset date.

Greene's claim was initially denied on April 9, 1974, and then reopened pursuant to amendments to the Act passed in 1977. *See* 30 U.S.C. §§ 945(a)(1)(A) and 945(a)(2)(B)(i) (1982) (Secretary of Health and Human Services to review claims denied before March 1, 1978; if thereafter denied, claim is referred to Secretary of Labor). Because Greene's claim was reopened pursuant to these provisions, section 945(c) applies to her claim. That section states plainly that "[a]ny individual whose claim is approved pursuant to this section shall be awarded benefits on a retroactive basis for a period which begins no earlier than January 1, 1974." The regulations cited by Greene, 20 C.F.R. part 410, were written before section 945 was passed. [1] New regulations written after the 1977 amendments to the Act, and later statutory amendments, superseded much of part 410. *See* 20 C.F.R. § 718.1 (1989) (explaining statutory authority for new regulations). The regulations written after the enactment of section 945(c) comport, as they must, with that section's cut-off date for the onset of benefits.

Applying those regulations to Greene's case, 20 C.F.R. § 718.1(b) indicates that all claims filed before April 1, 1980, or reviewed under section 945, such as Greene's, are governed by 20 C.F.R. part 727. Section 727.302(c)(2) follows the Act's mandate by providing that the onset date for payment of benefits to survivors of miners whose claims were reviewed by the Secretary of Labor and ultimately approved—as in Greene's case—occurs "on or after the month of the miner's death or January 1, 1974, whichever is later."

---

* The HONORABLE JOSEPH T. SNEED, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. 20 C.F.R. § 410.211 was published in its present form on February 3, 1976. *See* 41 Fed. Reg. 4899. The governing statutory provision, 30 U.S.C. § 945(c), was enacted in 1978. *See* Black Lung Benefits Act of 1977, Pub.L. No. 95–239, § 15, 92 Stat. 103, 105 (1978), as amended Pub.L. No. 96–88, Title V, § 509(b), 93 Stat. 695 (1979).

The ALJ did not err in setting the onset date for benefits; we deny Greene's motion to change that date.

**Payment of Interest**

■ The government argues that this court erred by awarding interest to Greene on payments withheld during the period beginning with the BRB's reversal of the ALJ's award, and ending with this court's reversal of the BRB. The government points out that 20 C.F.R. § 725.608(d) (1989) provides that the Black Lung Disability Trust Fund, the government entity responsible to pay Greene's benefits, "shall not be liable for the payment of interest under any circumstances, other than the payment of interest on advances from the United States Treasury * * *." The government further points out that this provision implements the longstanding law that interest against an instrumentality of the United States is not allowed unless specifically authorized by statute. 43 Fed. Reg. 36,815 (Aug. 18, 1978). *See Library of Congress v. Shaw*, 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986) (sovereign immunity protects United States from interest award unless specifically waived).

Counsel for Greene does not answer the government's argument. Rather, counsel insists that he cannot, or will not, brief this argument unless and until this court awards him attorneys fees. Counsel's duty to this court and his duty to represent his client zealously within the bounds of the law are not contingent on the court first awarding him attorneys fees. He has waived briefing the question of interest.

We have reviewed the authorities cited by the government and we are convinced the award of interest should be deleted from this court's order.

**Attorneys Fees**

■ In support of his motion for attorney fees, counsel for Greene submits an itemization of fees and expenses. The government does not object to an award of attorneys fees and expenses, but points out that 20 C.F.R. § 725.366 (1989) governs awards of fees in Black Lung cases. Under 20 C.F.R. 725.366(a), this court may only approve a fee for services performed before it. Counsel's statement submitted with his application for attorneys fees indicates he began work for the appeal to this court on December 6, 1988. Fees and expenses incurred before that date must be excluded from this court's award.

The government also points out that 20 C.F.R. § 725.366(b) provides that "no fee approved shall include payment for time spent in preparation of a fee application." We therefore must exclude from the award time so spent.

The government makes no further objection to the fee award. We therefore delete the excluded time and expenses from the application submitted by Greene's counsel, and recalculate his total time and expenses as shown by his statement. Greene's counsel is entitled to be compensated for 62.05 hours, which we multiply by his normal billing rate of $75.00/hr., to reach $4653.75. To this we add his itemized expenses of $208.75, for a total of $4862.50.

It is so ordered.