# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3180

_____

Forrest G. Aubrey, Jr.,              *
                                     *
              Appellant,             *
                                     *    Appeal from the United States
       v.                            *    District Court for the
                                     *    Southern District of Iowa.
Department of Labor,                 *
                                     *        [UNPUBLISHED]
              Appellee.              *

_____

Submitted:  June 5, 2001
Filed:   June 7, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Forrest G. Aubrey, Jr. appeals the District Court's[1] order dismissing his action under the Black Lung Benefits Act (Act).  Aubrey initially applied for benefits under the Act on January 20, 1976.  He was subsequently awarded benefits, payable by the Black Lung Disability Benefits Trust Fund (Fund), as of February 1995.  Aubrey's date of entitlement was then modified three times, resulting in three separate additional awards of back benefits.  In the instant action Aubrey seeks interest on two of the

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

awards of back benefits, and claims additional damages based on the delay in awarding benefits, alleging that the Department of Labor withheld and used his money while it denied him benefits to which it knew he was entitled.

Having conducted de novo review, we conclude that the District Court properly dismissed Aubrey's complaint. See 30 U.S.C. § 922 (1994) (describing benefits payable under Act); 30 U.S.C. § 932(a) (1994) (incorporating 33 U.S.C. § 921 into Act); 33 U.S.C. § 921(d) (1994) (district court's jurisdiction is limited to enforcing final awards to beneficiaries); Greene v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor, 892 F.2d 1385, 1387 (8th Cir. 1990) (order amending judgment and awarding attorneys fees) (deleting from prior court order award of interest for period of time when benefits under Act were withheld, citing 20 C.F.R. § 725.608(d) and "longstanding law" that interest against U.S. instrumentality is not permitted unless specifically authorized by statute); 20 C.F.R. § 725.608(d) (2000) (Fund shall be liable for payment of interest only on advances from United States Treasury).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.